IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DUNKIN' DONUTS, INC., a Delaware corporation, BASKIN-ROBBINS USA CO., INC., a California corporation, and TOGO's EATERIES, INC., a foreign corp., <br><br>        Plaintiffs, <br><br> v. <br><br>BELLS FERRY OPERATORS, INC., a Georgia corporation, HOWARD MILAN, an individual, MICHAEL A. GREGORAKOS, an individual, and CHRIS DANOS, an individual,, <br><br>        Defendants. | 1:04-cv-1241-WSD |

## ORDER

This matter is before the Court on Plaintiff Dunkin' Donuts, Inc.'s ("Plaintiff") Motion for Summary Judgment Against Defendant Howard Milan on Count IX of the Complaint [28].[1]

---

[1] Plaintiff filed a Motion for Extension of Time to Serve Motion for Summary Judgment as to Count IX of the Complaint [27]. Plaintiff claims it mistakenly neglected to file its motion for summary judgment as to Count IX when

## I.      BACKGROUND

Plaintiff grants franchises to independent business persons to operate Dunkin' Donuts shops throughout the United States. Franchisees are licensed under a Franchise Agreement to operate donut shops at specified locations and to use the Dunkin' Donuts trade names, trademarks, proprietary marks and the Dunkin' Donuts system.

On June 11, 2001 and June 29, 2001, Plaintiff entered into franchise agreements with Defendant Bells Ferry Operators, Inc., for the operation of two Dunkin' Donuts shops in Georgia. Defendant Milan, among others, entered a Personal Guarantee by Shareholders of a Corporation or Members of a Limited Liability Company, in which Defendant Milan personally guaranteed, jointly and severally, the full payment of Defendant Bells Ferry Operators, Inc.'s obligations to Plaintiff under the franchise agreements.

---

it filed its motion as to the other claims asserted against Defendant Milan. (See Pls.' Mot. for Summ. J. [17].) Defendant does not oppose Plaintiff's motion for extension of time and the Court grants it pursuant to Local Rule 7.1B. The Court also finds granting Plaintiff's motion for extension of time will promote judicial efficiently and will not unduly prejudice Defendant or delay these proceedings.

On August 1, 2003, Defendant Milan, along with Defendant Bells Ferry Operators, Inc., executed a Promissory Note in Plaintiff's favor.  (Richmond Aff., attached to Pls.' Mot. for Summ. J. [17], ¶ 10.)  Defendants Bells Ferry Operators, Inc. and Milan failed to make payments due to Plaintiff pursuant to the Promissory Note.  (Id. ¶ 11.)  On February 10, 2004, Plaintiff sent a Notice to Cure to Defendants demanding payment of the amounts due under the Promissory Note, but Defendants failed to make the requested payment.  (Id. ¶¶ 13-15.)  The total amount owed to Plaintiff under the Promissory Note, including principal and interest, is $119,957.87.  (Id. ¶ 33; Pl.'s Statement of Undisputed Material Facts in Support of Mot. for Summ. J. ¶¶ 1-3.)

**II.   DISCUSSION**

Plaintiffs bring this action for damages and injunctive relief arising out of Defendants' alleged breaches of contract.  Plaintiffs assert three claims against Defendant Milan:  Counts IV and VIII for breach of the franchise agreements, and Count IX for breach of the Promissory Note.  On September 22, 2005, the Court granted Plaintiffs' Motion for Summary Judgment on Counts IV and VIII of the Complaint, finding Plaintiffs were damaged in the amount of $162,449.71, plus attorneys' fees in the amount of $38,213.51.  (Sept. 22, 2005 Order [23] at 10.)

The Court also granted Plaintiffs' Motion for a Preliminary Injunction. (Id. at 12.) Plaintiff now moves for summary judgment against Defendant Milan on Count IX of the Complaint for breach of promissory note. Defendant has not filed a response to Plaintiff's motion.[2]

Plaintiff presents evidence that Defendant Milan executed a Promissory Note in Plaintiff's favor. Plaintiff further presents evidence that Defendant Milan defaulted under the terms of the Promissory Note by failing to make payments due to Plaintiff under the Promissory Note, and that the total amount owed to Plaintiff by Defendant under the Promissory Note is $119,957.87. Viewing the evidence in the light most favorable to Defendant, Plaintiff is entitled to summary judgment on Count IX of the Complaint for breach of Promissory Note.

## III.   CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment Against Defendant Milan on Count IX is **GRANTED**, and the Clerk of

---

[2] Because Defendant failed to respond to Plaintiff's Statement of Undisputed Material Facts, the Court deems the facts as admitted. See L.R. 56.1(B)(2), N.D.Ga.

Court is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant Milan on Count IX of the Complaint in the amount of $119,957.87.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Serve Motion for Summary Judgment as to Count IX of the Complaint [27] is **GRANTED**.

**SO ORDERED**, this 30th day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE